UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

JERRY BROOKS,

    Plaintiff,

v.                                                    CASE NO. 3:23-cv-267-JBT

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.
_____/

## MEMORANDUM ORDER[1]

**THIS CAUSE** is before the Court on Plaintiff's appeal of an administrative decision denying his application for a Period of Disability and Disability Insurance Benefits. In a decision dated June 20, 2022, the Administrative Law Judge ("ALJ") found that Plaintiff had not been under a disability, as defined in the Social Security Act, from May 10, 2020, the alleged disability onset date, through the date of decision. (Tr. 10–28.) Having considered the parties' memoranda and being otherwise fully advised, the Court concludes, for the reasons set forth herein, that the Commissioner's decision is due to be **AFFIRMED**.

### I. Issue on Appeal

Plaintiff raises the following issue on appeal:

---

[1] The parties consented to the exercise of jurisdiction by a United States Magistrate Judge. (Docs. 8 & 12.)

> Whether Defendant's ALJ erred by failing to analyze or discuss the medical evidence and opinions from Plaintiff's mental health counselor.

(Doc. 10 at 1.)

## II. Standard of Review

As the Eleventh Circuit has stated:

> In Social Security appeals, we must determine whether the Commissioner's decision is supported by substantial evidence and based on proper legal standards. Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion. We may not decide the facts anew, reweigh the evidence, or substitute our judgment for that of the [Commissioner].

*Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011) (citations and quotations omitted). "With respect to the Commissioner's legal conclusions, however, our review is *de novo*." *Lewis v. Barnhart*, 285 F.3d 1329, 1330 (11th Cir. 2002).

## III. Analysis

Plaintiff maintains that the ALJ erred by failing to analyze or discuss statements from his mental health counselor, Bruce Harkreader, MS, CPC-Intern, provided in response to a Mental Disorder Questionnaire Form ("Questionnaire"). (Doc. 10 at 2; Tr. 1570–74.) Plaintiff first argues that the statements on the Questionnaire constitute medical opinions, requiring the ALJ to provide a supportability and consistency analysis under 20 C.F.R. § 404.1520c(b)(2). (Doc. 10 at 7–11.) Alternatively, Plaintiff argues that even if the statements did not

2

constitute medical opinions, the ALJ still erred by failing to discuss them at all. (*Id.* at 12–13). The Court rejects these arguments.

First, the Court finds that the Questionnaire responses are not medical opinions as defined by the applicable regulations. *See* 20 C.F.R. § 404.1513(a)(2) ("A medical opinion is a statement from a medical source about what you can still do despite your impairment(s) and whether you have one or more impairment-related limitations or restrictions . . . ."). Instead, the Questionnaire responses constitute other medical evidence. *See* 20 C.F.R. § 404.1513(a)(3) ("Other medical evidence is evidence from a medical source that is not objective medical evidence or a medical opinion, including judgments about the nature and severity of your impairments, your medical history, clinical findings, diagnosis, treatment prescribed with response, or prognosis.")

Although some of the questions on the Questionnaire could have elicited medical opinions, Mr. Harkreader's responses fail to opine about what Plaintiff could still do despite his impairments, or what limitations or restrictions Plaintiff had. Rather, the statements merely discuss Plaintiff's medical history, his reported symptoms, and judgments about the nature and severity of his impairments. (Tr. 1570–74.) For example, Mr. Harkreader notes that Plaintiff "becomes defensive," "becomes overwhelmed," and "presents as unable to deal with day to day conflicts." (Tr. 1572–73). These types of observations do not constitute medical opinions within the meaning of the applicable regulations.

Moreover, some of Mr. Harkreader's statements concern issues that are

3

reserved to the Commissioner. For example, Mr. Harkreader states that Plaintiff "has shown an inability to adapt to employment rigors." (Tr. 1573.) The applicable regulations provide that this type of evidence is "inherently neither valuable nor persuasive" and that "we will not provide any analysis about how we considered such evidence in our determination or decision." *See* 20 C.F.R. § 404.1520b(c). Thus, the ALJ was not required to conduct a supportability and consistency analysis of the Questionnaire responses. *See Romero v. Comm'r of Soc. Sec.*, 752 F. App'x 906, 908 (11th Cir. 2018) ("The administrative law judge was not required to state what weight he assigned to medical records that did not qualify as medical opinions. An administrative law judge is obligated to assign a weight only to a statement that constitutes a medical opinion."). [2]

The Court also rejects Plaintiff's argument that the ALJ needed to discuss the Questionnaire responses even if they were not medical opinions. The ALJ need not refer to every piece of evidence in the decision. *See Dyer v. Barnhart*, 395 F.3d 1206, 1211 (11th Cir. 2005) ("[T]here is no rigid requirement that the ALJ specifically refer to every piece of evidence in his decision, so long as the ALJ's decision . . . is not a broad rejection which is not enough to enable [the district court or this Court] to conclude that [the ALJ] considered [plaintiff's] medical condition as a whole.") (internal citations and quotation marks omitted). Upon review of the

---

[2] The Court does not rely on unpublished opinions as binding precedent. However, they may be cited as persuasive authority. *See McNamara v. GEICO,* 30 F.4th 1055, 1060–61 (11th Cir. 2022). *Romero* is persuasive even though it was decided under different regulations because the same reasoning applies.

4

ALJ's decision and the record, the Court is satisfied that the ALJ adequately considered Plaintiff's mental impairments as a whole. For example, the ALJ addressed the four areas of mental functioning, and found that Plaintiff had no limitation in two areas and only a mild limitation in two areas. (Tr. 13–14.) These findings are supported by substantial evidence, including the evidence cited by the ALJ and the opinions of the state agency doctors. (Tr. 13–15.) Thus, the Court rejects this argument as well.

Finally, the Court finds any error by the ALJ harmless. Given the substantial evidence that Plaintiff had only minimal, if any, mental limitations, it is apparent that the ALJ would not have found Mr. Harkreader's statements persuasive even if she had treated them as opinions. *See Burgin v. Comm'r of Soc. Sec.*, 420 F. App'x 901, 903 (11th Cir. 2011) (applying the harmless error doctrine to social security cases).

## IV. Conclusion

The Court does not make independent factual determinations, re-weigh the evidence or substitute its decision for that of the ALJ. Thus, the question is not whether the Court would have arrived at the same decision on *de novo* review; rather, the Court's review is limited to determining whether the ALJ's findings are based on correct legal standards and are supported by substantial evidence. Applying this standard of review, the Commissioner's decision is due to be affirmed.

Accordingly, it is **ORDERED**:

1. The Commissioner's decision is **AFFIRMED**.

2. The Clerk of Court is **DIRECTED** to enter judgment accordingly and close the file.

**DONE AND ORDERED** in Jacksonville, Florida, on August 28, 2023.

*/s/ Joel B. Toomey*
JOEL B. TOOMEY
United States Magistrate Judge

Copies to:

Counsel of Record